IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KALIM A.R. MUHAMMAD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0428-WS-C |
| | ) |
| AT&T INCORPORATED, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiffs' motion for recusal, change of venue and certification. (Doc. 13). According to the plaintiffs, "the[r]e has been some bad blood between the court and the Plaintiff Kalim A.R. Muhammad," which they assert "cause[s] the appearance of manifest and per se bias." (Doc. 13 at 2). While it is clear that Muhammad has been frustrated by his lack of success in four previous lawsuits brought in the Southern District of Alabama, there is no "bad blood," unless it is his.

In *Muhammad v. Bethel*, Civil Action No. 10-0086-WS-B ("*Muhammad I*"), Muhammad sued his former spouse, several state government agencies and officials, and a private attorney on various claims concerning the raising of the couple's daughter. After providing Muhammad with extensive guidance on how to craft a proper complaint, and after Muhammad's fourth effort still fell woefully short, the Court dismissed the action without prejudice. (*Id.*, Doc. 20). The Eleventh Circuit affirmed the dismissal, noting that the Court "provided clear instructions on how to fix the complaint's deficiencies" and "twice warned Muhammad" that he faced dismissal without prejudice if he did not correct them. (*Id.*, Doc. 26 at 5-6). The Eleventh Circuit also affirmed the Court's denial of Muhammad's motion for default judgment against his former spouse, agreeing that Muhammad never showed that she had been served with process. (*Id.* at 3).

In *Muhammad v. Bethel-Muhammad*, Civil Action No. 11-0690-WS-B ("*Muhammad II*"), Muhammad sued the same defendants, plus two credit reporting agencies, asserting 25 causes of action. The Court granted the agencies' motions to dismiss, granted in part various other defendants' motions to dismiss, and granted all remaining defendants' eventual motions for summary judgment. (*Id.*, Docs. 105-07, 138, 140, 246-49). The Court also denied various motions filed by Muhammad. (*Id.*, Docs. 32, 35, 60, 63, 75 76, 95, 99, 103, 112, 113, 124, 157, 158, 169, 177, 184, 255, 260, 263). The Eleventh Circuit affirmed, ruling that Muhammad's notice of appeal was untimely as to all but one issue on appeal and that he abandoned that issue. (*Id.*, Doc. 269).

In *Muhammad v. Muhammad*, Civil Action No. 13-0030-WS-B ("*Muhammad III*"), Muhammad sued the same defendants and several additional ones as well. The Court dismissed the action without prejudice after Muhammad failed to correct the complaint's many deficiencies, (*id.*, Doc. 39), and the Eleventh Circuit again affirmed the dismissal as proper. (*Id.*, Doc. 53).

In *Muhammad v. Muhammad*, Civil Action No. 14-0592-MW ("*Muhammad IV*"), Muhammad sued many of the same defendants along with several new ones, including the undersigned. The action was randomly assigned to Judge DuBose, but Chief Judge Carnes of the Eleventh Circuit reassigned the case to Judge Walker of the Northern District of Florida. (*Id.*, Doc. 15). Judge Walker adopted the Magistrate Judge's report and recommendation and dismissed the action for failure to comply with a court order (to properly plead his case) and for lack of subject matter jurisdiction. (*Id.*, Doc. 33). The Eleventh Circuit affirmed. (*Id.*, Doc. 38).[1]

This is not Muhammad's first motion for recusal. In *Muhammad II*, before the Court had issued any rulings, he requested recusal because, in *Muhammad I*, he had had "disagreements on procedural matters with the present judge." (*Muhammad II*, Doc. 34 at 5). The Court denied the motion because "[t]his is not

---

[1] The Eleventh Circuit has recently withdrawn the mandate. (*Id.*, Doc. 40).

grounds for recusal." (*Id*., Doc. 35 at 3). After the Court granted the defendants' motions to dismiss and/or for summary judgment, Muhammad again moved for recusal, based on his assumption that his claims could not have failed for any reason other than that the Court must be biased against him, "possibly being under the influence of 'masonic' type fraternities." (*Id*., Doc. 261 at 15). The Court denied the motion by endorsement. (*Id*., Doc. 263). In *Muhammad IV*, Muhammad filed no fewer than six motions for recusal, (*Muhammad IV*, Docs. 6, 10, 16, 20, 24, 27), all of which were denied. (*Id*., Docs. 23, 30, 33).

"Any … judge … shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard under § 455 is objective and requires the court to ask whether an objective disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotes omitted).

While the plaintiffs apparently question the Court's impartiality, their skepticism is not objectively reasonable. It is the nature of litigation that there are winners and losers, and a judge is not partial because he performs the duty of his office by ruling in favor of one side and against another. "Challenges to adverse rulings are generally grounds for appeal, not recusal." *In re: Evergreen Securities, Ltd*., 570 F.3d 1257, 1274 (11th Cir. 2009). Thus, "except where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal." *Bolin*, 225 F.3d at 1239. Although Muhammad has failed in three cases decided by the Court, his record does not reflect judicial bias but his inability to properly plead a cause of action or to properly defend legal challenges to his complaints – as three affirmances by the Eleventh Circuit attest. Muhammad's purported suspicion that the Court is under the influence of secret societies, even if genuinely held, is utterly divorced from reality and unsupported by even a shred of evidence. And although the undersigned was named a

3

defendant in *Muhammad IV*, "[a] judge is not disqualified merely because a litigant sues or threatens to sue him." *In re: Bush*, 232 Fed. Appx. 852, 854 (11th Cir. 2007) (internal quotes omitted); *accord United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986); *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977); *Rodman v. Misner*, 1988 WL 76545 at *1 (6th Cir. 1988).

Recusal is also required where the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b). "The bias or prejudice must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007) (internal quotes omitted). The Court, which knows nothing of Muhammad other than what it has learned by its participation in *Muhammad I*, *Muhammad II*, and *Muhammad III*, has no such bias or prejudice against Muhammad, and an objective outside observer could not think otherwise; simply slinging around phrases like "bad blood" does not change that fact.

The plaintiffs' motions for change of venue and for certification are efforts to crack the same nut. Noting Muhammad's failure in *Muhammad IV*, the plaintiffs lament they "will never be able to get a fair trial even in another district court in the 11th Circuit." Thus, they propose that this action be transferred outside the Eleventh Circuit – preferably, to some district within the Fourth or Sixth Circuit. They propose that such a transfer be authorized by the Eleventh Circuit by way of a "certified question" to that tribunal. (Doc. 13 at 2-3). They ask that this procedure be followed even if they prevail on their motion to remand – on the theory it will give Muhammad "a pass to file in the same Circuit [Fourth or Sixth] for any federal matters in the future." (*Id*. at 13).

There is no known provision of federal law for "certified questions" from a district court to a court of appeals. At any rate, because the plaintiffs have no right to a different judge in this action, they could have no right to a different venue for the purpose of avoiding that judge or any other, so resort to the Eleventh Circuit would be pointless. As to the proper forum for any future litigation, the plaintiffs

4

are asking for an "impermissible advisory opinion" on a question that is not ripe for judicial resolution. *National Advertising Co. v. City of Miami*, 402 F.3d 1335, 1339 (11th Cir. 2005).

For the reasons set forth above, the motions for recusal, change of venue and/or certification are **denied**.

DONE and ORDERED this 6th day of September, 2016.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE