# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| KALIM A.R. MUHAMMAD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0428-WS-C |
| | ) |
| AT&T, INCORPORATED, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiffs' motion to remand, (Doc. 7), motion for jurisdictional discovery, (Doc. 9), and motion for sanctions. (Doc. 11). The parties have filed briefs and other materials in support of their respective positions, (Docs. 7-12, 14, 21, 22), and the motions are ripe for resolution. (Doc. 16). After careful consideration, the Court concludes that the motion to remand is due to be granted, the motion for sanctions is due to be denied, and that the motion for discovery is due to be denied as moot.

On June 9, 2016, the plaintiffs filed a complaint in the Circuit Court of Dallas County against a number of defendants. (Doc. 1-1 at 2). On August 12, 2016, the defendants filed a notice of removal. (Doc. 1). The plaintiffs seek remand to state court on jurisdictional, procedural and constitutional grounds, but the Court finds one to be dispositive.

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court … a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The plaintiffs complain that the notice of removal does not include the four summonses the parties agree were served. (Doc. 12 at 29; Doc. 21 at 1-2). The defendants admit the failure, and they admit that the summonses constitute

"process" for purposes of Section 1446(a), but they argue their failure should not lead to remand. (Doc. 21).

A failure to include "all state court pleadings and process with the notice of removal" is "curable in the federal court if there is a motion to remand." *Cook v. Randolph County*, 573 F.3d 1143, 1150 (11th Cir. 2009) (internal quotes omitted). Concerning "papers required by the removal statute," "if any of them are lacking from the original removal record, they may be later supplied." *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir. 1985) (emphasis and internal quotes omitted); *accord Federal Deposit Insurance Corporation v. North Savannah Properties, LLC*, 686 F.3d 1254, 1257 n.1 (11th Cir. 2012). While noting a split of authority, the defendants urge the Court to adopt the rule that cure may occur "either before or after expiration of the thirty-day removal period." *Countryman v. Farmers Insurance Exchange*, 639 F.3d 1270, 1273 (10th Cir. 2011). (Doc. 21 at 3).

The Court need not determine the outer time limit for submitting the materials required by Section 1446(a), because the defendants are incapable of curing the defect. The defendants state that the summonses are not available or viewable on AlaCourt and are not on file in the state action, (Doc. 21-3 at 3), and they identify no steps they could, much less intend, to take to find them. The defendants state that, from their own records, they "have collectively been able to locate two summonses actually served upon any of them," (*id*. at 1), and that these "are the only summonses that Defendants have located." (*Id*. at 3). It is clear from these statements that the defendants have exhausted their efforts to retrieve and file the summonses.

"[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013); *accord Adventure Outdoors, Inc. v. Blomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). "The removing defendant's burden extends to demonstrating, when properly challenged, its compliance with the procedural requirements for

removal." *Tucker v. Equifirst Corp.*, 57 F. Supp. 3d 1347, 1349 (S.D. Ala. 2014). The defendants have not carried their burden. Accordingly, the plaintiffs' motion to remand is **granted**.[1] This action is **remanded** to the Circuit Court of Dallas County.

Because remand obviates any need, or platform, for discovery, the plaintiffs' motion for jurisdictional discovery is **denied as moot**.

The plaintiffs seek sanctions in the total amount of $115.2 million. (Doc. 11 at 15). The plaintiffs have not justified their demand for sanctions in this amount or any other.[2] Accordingly, the motion for sanctions is **denied**.

DONE and ORDERED this 15th day of September, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Because it cannot alter this outcome, the defendants' motion to amend notice of removal (so as to include the two located summonses), (Doc. 21), is **denied as moot**.

[2] A remanding court "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such an award is committed to the discretion of the district court. *E.g., Bauknight v. Monroe County*, 446 F.3d 1327, 1329 (11th Cir. 2006). Because the plaintiffs have not requested such an award, because they have not shown any costs or actual expenses they have incurred as a result of the removal (the plaintiffs are proceeding *pro se*), and because the defendants have shown they removed in the reasonable but mistaken belief they had submitted the summonses, (Doc. 21-3 at 2-3), the Court declines to make any award under Section 1447(c).